U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOMMY L. BORDELON | DOCKET NO. 1:04 CV 1888 |
| VS. | SECTION P |
| SAMUEL G. COUVILLON, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights action filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **TOMMY L. BORDELON**, ("Plaintiff"). Plaintiff is in custody at Louisiana State Penitenitary. Plaintiff was granted permission to proceed *in forma pauperis* on September 16, 2004. [Rec. Doc. 3].

The instant action was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 28 U.S.C.§ 636 and a standing order of this Court.

### STATEMENT OF CLAIM

Plaintiff claims his constitutional due process rights have been violated by employees of the Avoyelles Parish Clerk of Court's office. [Rec. Doc. 1-1, p.5]. Plaintiff alleges that the defendants "intentionally and fraudulently altered and deleted of (sic) certain statements and testimony". [Id.] Plaintiff names the following as defendants: Samuel G. Couvillion (Clerk of Court,

Avoyelles Parish); Helen D. Ducey (Deputy Clerk); and Rose Batiste (Court Reporter). Plaintiff asserts that defendant Batiste violated his rights by "fraudulently transcrib(ing) trial transcript of Plaintiff's (dock. no. 117, 139) of June 3rd 2003 trial, by altering statements and deleting wording, so case shows prejudice to Plaintiff". Plaintiff asserts that defendant Ducey violated his rights by "purposefully mail(ing)" the above mentioned transcript to Plaintiff through the U.S. Postal Service. [Doc. 1-1, p.7]

Plaintiff seeks relief in the form of monetary damages, revocation of the Clerk of Court's "license or certification", and a trial by jury. [Rec. Doc. 1-1, p.8].

**<u>SCREENING</u>**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.

3

1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

## **ANALYSIS**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

The Louisiana Appeals Court for the Third Circuit ordered the record in Plaintiff's case to be corrected, re-certified, and re-lodged. The 12th J.D.C. complied with this order and on April 25,

2004 a new record was lodged under docket numbers 04-490 and 04-491. In sum, the record does not support a grand conspiracy against Plaintiff's civil rights, but indicates that errors were corrected by the 12th J.D.C. related to Plaintiff's trial transcript. [See ~~~~ Exhibit *, p. 8-11, 04-0490 (appeal from No. 03-CR-117139A consolidated with No.03-CR-118447), Louisiana Third Circuit Court of Appeals discussion of Plaintiff's claims].

Plaintiff alleges purely conclusive allegations of conspiracy that are unsupported by fact. Plaintiff's claims fail at the most basic level as frivolous pursuant to 28 U.S.C. §§1915(e)(B)(i).

**Accordingly,**

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§1915(e)(B)(i).

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).